```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION

RICARDO D. CANTRELL,          )
                              )
        Plaintiff             )
                              )       No. 3:11-1142
v.                            )       Judge Campbell/Brown
                              )       **Jury Demand**
PAMELA HALE, *et al.*,        )
                              )
        Defendants            )
```

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d) the following Initial Case Management Plan is adopted:

**1. Jurisdiction:** Jurisdiction is not in dispute.

2. **Plaintiff's theory of case:** The Plaintiff alleges violations of this civil rights based on 42 U.S.C. § 1983. The Plaintiff is incarcerated and is proceeding *pro se*.

3. **Theories of Defendants Metropolitan Government, Sheriff Daron Hall, Kevin Cox, Pamela Hale, Lt. William Gise, Mark Lang, Jonathan Sandoval, Hugh Watson, and Richard Pickens:** Defendant Sheriff Hall was not personally involved in any of the actions in this case and thus may not be held liable under Section 1983.

Defendants Lt. William Gise, Mark Lang, Jonathan Sandoval, and Hugh Watson used the appropriate amount of force necessary when Plaintiff refused to comply with lawful commands and repeatedly resisted efforts to restrain him. Defendants Richard Pickens, Kevin Cox, and Pamela Hale acted reasonably under the

circumstances when they investigated the incident and/or the Plaintiff's grievances. Therefore, they may not be held liable under Section 1983.

None of the Defendants violated any constitutional or other federal right to which the Plaintiff was entitled. None of the Defendants breached any legal duty owed to the Plaintiff. The conduct of the Defendants' was objectively reasonable under the circumstances. They acted in good faith under the circumstances.

In addition, all of the individual Defendants are entitled to the defense of qualified immunity. None of them violated any right of the Plaintiff that was clearly established and they acted objectively reasonably given the circumstances.

The Metropolitan Government's policies and customs are constitutional. No unlawful policy, custom or practice of the Metropolitan Government was the moving force behind any alleged injury or resulted in any constitutional violation. Moreover, the Metropolitan Government has not been deliberately indifferent.

The Plaintiff failed to exhaust his available administrative remedies before he brought this action. Therefore, 42 U.S.C. § 1997e bars his claims.

The Plaintiff did not sustain any damage to support a claim under federal law. Any damage that the Plaintiff may have sustained resulted from his failure to follow lawful rules and commands. No act or omission by any of the Defendants was the

proximate cause of any injury. The Plaintiff's injuries, if any, were caused by and were the result of independent intervening acts, events, and/or causes and the doctrines of independent intervening acts or superseding cause bars this claim. The Metropolitan Government is immune from punitive damages.

Defendants are entitled to judgment against the Plaintiff for costs, expenses, and other reasonable fees, to include attorney's fees, pursuant to 42 U.S.C. § 1988.

**4. Issues resolved:** Jurisdiction and venue.

**5. Issues still in dispute:** Liability and damages.

**6. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:** The Defendants reserve the right to file any motion or pleading as they deem necessary in light of issued uncovered during the discovery process, to the extent permitted by the United States Code, the Federal Rules of Civil Procedure, and the Local Rules for the United States District Court for the Middle District of Tennessee.

The deadline for the Plaintiff to move to amend the complaint (to include without limitation the addition or modification of any cause of action, claim, remedy, prayer for relief, or increase in *ad damnum*) shall be **May 31, 2012**.

The Plaintiff is cautioned that he must always keep a current address on file with the Court, and that failure to attend hearings or participate promptly in the process of this case can

result in a recommendation that this case be dismissed for failure to prosecute.

       **7.**    **Staging of discovery:**

       a.    The written discovery cut off deadline (other than requests for admissions) is **August 31, 2012**. All discovery requests should be served sufficiently in advance of the written discovery deadline to allow the responding party the full response time outlined in the Federal Rules of Civil Procedure and Local Rules of Court.

       b.    The deadline for fact depositions is **November 30, 2012**.

       c.    The deadline for the Plaintiff to provide expert disclosures pursuant to F.R.C.P. 26 is **September 21, 2012**. The deadline for the Defendants to provide expert disclosures pursuant to F.R.C.P. 26 is **October 21, 2012**.

       d.    The deadline for expert depositions is **November 30, 2012**.

       e.    Discovery-related motions are due on or before **October 30, 2012**. Prior to any discovery related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge. The party requesting the conference shall check with opposing counsel or party as to their availability before setting a time certain with the Court.

       **8.**    **Dispositive motions:** All dispositive motions shall be filed by **January 11, 2013**. Responses should be filed within **28**

**days** after the motion is filed. The reply should be filed within **14 days** after the response is filed. Absent court permission, the motions and responses are limited to **25 pages**, while the reply is limited to **five pages**. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

Plaintiff is forewarned that dispositive motions must be responded to by **the dates stated**, unless an extension is granted by the Court, and that failure to respond timely may result in the Court taking the facts alleged in the matter as true and granting the relief requested. In responding, Plaintiff may not just rely on his complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

**9. Subsequent case management conferences:** Should a subsequent case management conference be needed, the parties will notify the Court approximately **30 days** before the close of discovery that a conference will be conducted and the means by which the conference will be conducted.

**10. Alternative dispute resolution:** Until parties conduct discovery in this matter, they are unable to determine if a settlement conference or scheduling of an ADR program (whether a Court-provided program or otherwise) will be appropriate for this case. If appropriate, the parties will notify the Court of their desire to schedule a settlement conference and/or the time frame

for utilizing any ADR program provided by the Court, or, if agreed upon by the parties, any ADR program not provided by the Court.

**11. Consent to trial before the Magistrate Judge:** The parties cannot consent to trial before the Magistrate Judge because not all parties could be consulted prior to submitting this Proposed Case Management Order. Two of the defendants named in the style of the case (Raymond Flaherty and Dana Williams) are no longer employees of the Davidson County Sheriff's Office and likely have not been served.

**12. Target trial date:** The trial will be a jury trial. The parties propose a target trial date in July 2013 with a pretrial conference to be scheduled at least two weeks before trial. The Defendants' anticipate that a trial will take in the range of two to three total court days.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge