UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICARDO D. CANTRELL, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:11-1142 |
| v. ) | Judge Campbell/Brown |
| ) | **Jury Demand** |
| PAMELA HALE, *et al.*, ) | |
| ) | |
| Defendants ) | |

**O R D E R**

Presently pending are two motions in this matter. First, Docket Entry 66 is a motion to extend time for leave to file an amended complaint to June 29, 2012.

Inasmuch as the Plaintiff did not file a motion to amend his complaint with a proposed amendment attached to it by June 29th. That motion (Docket Entry 66) is terminated as **MOOT**. The Plaintiff, instead of filing a request to file an amended complaint, merely filed a proposed amended complaint (Docket Entry 68). The original complaint in this matter was 59 pages long. The proposed amended complaint 85 pages long. Rule 8 of the Federal Rules of Civil Procedure states that a claim for relief must state a short and plain statement of the grounds of the Court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Neither a 58-page or an 85-page complaint complies with this Rule. However, the original complaint has been filed in this matter, although it is clear that at some point some of the claims will be subject to

dismissal since the Plaintiff has sued the Metropolitan Government of Nashville, Davidson County, and the City of Nashville. The City of Nashville and Davidson County are not separate entities of the Metropolitan Government of Nashville, Davidson County, and at some point the Magistrate Judge will recommend their dismissal from this case.

Rule 15 of the Federal Rules of Civil Procedure provides that motions to amend should be freely granted. However, once a deadline for amending the complaint has passed, the Rule changes from the "freely granted in the interest of justice" standards of Rule 15(a)(2) to the more stringent requirement of Rule 16(b)(4), which states that the scheduling order may be modified only for good cause and the Court's consent. In this case the Plaintiff has attempted to file an amended complaint after the May 31, 2012, deadline set in the scheduling order (Docket Entry 32), and even the June 29th extension he requested (Docket Entry 66). The Plaintiff has failed to provide any explanation as to why he needs to add an additional 26 pages. It is not the Magistrate Judge's duty to wade through 144 pages to find what changes the Plaintiff is seeking to make.

As the Defendants point out in their motion to strike (Docket Entry 69), they have already proposed discovery based on the original complaint, and if the new complaint is allowed at this late date they may well have to change a number of their discovery

2

requests to meet any new allegations. They point out that the Plaintiff did not file a motion to amend, which would describe the changes in the proposed amended complaint and the reasons they were necessary.

The Magistrate Judge would note that in their motion to strike the Defendants cite cases decided by the 5th, 9th, 10th, and 11th Circuit and District Court cases from the Eastern District of California and the Northern District of New York. While these cases are undoubtedly interesting, it would have been far more helpful had the Defendants cited cases from the Sixth Circuit, which are readily available.

> Federal Rule of Civil Procedure 16 ("Rule 16") governs the scheduling order and Federal Rule of Civil Procedure 15 ("Rule 15") governs motions for leave to amend pleadings. Rule 16 provides that the district judge shall enter a scheduling order that limits the time to join other parties and to amend the pleadings. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

The rule "is designed to ensure that at some point both the parties and the pleadings will be fixed." *Id*. Rule 16 also "permits modification to the scheduling order 'upon a good cause *and* by leave of the district judge.'" *Id*. (quoting Fed. R. Civ. P. 16(b)).

As for amending pleadings, Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires." The Sixth Circuit has identified factors relevant to the court's decision to grant leave: "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the

3

opposing party, and futility of amendment[.]" *Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.*, 3:09-CV-01098, 2010 WL 3872802, at *3 (M.D. Tenn. Sept. 28, 2010) (quoting *Bridgeport Music, Inc. v. Dimension Films*, 383 F.3d 390, 402 (6th Cir. 2004)). Delay in filing, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir. 2002). "At some point, however, delay will become undue, placing an unwanted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Id.* (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)). In determining potential prejudice the court considers whether the amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). In *Leary*, the Sixth Circuit discussed the interplay between Rules 15 and 16. *See also Hill v. Banks* 85 Fed. Appx. 432, 433 (6th Cir. 2003). The court established that a party must first show good cause under Rule 16 for failure to seek leave prior to the scheduling order deadline before the court will consider Rule 15. *Leary*, 349 F.3d at 909. Additionally, the court held that "a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Id*.

The Sixth Circuit has highlighted the requirement that district courts "determine the degree of prejudice to the adversary

4

opposing party, and futility of amendment[.]" *Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.*, 3:09-CV-01098, 2010 WL 3872802, at *3 (M.D. Tenn. Sept. 28, 2010) (quoting *Bridgeport Music, Inc. v. Dimension Films*, 383 F.3d 390, 402 (6th Cir. 2004)). Delay in filing, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir. 2002). "At some point, however, delay will become undue, placing an unwanted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Id.* (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)). In determining potential prejudice the court considers whether the amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). In *Leary*, the Sixth Circuit discussed the interplay between Rules 15 and 16. *See also Hill v. Banks* 85 Fed. Appx. 432, 433 (6th Cir. 2003). The court established that a party must first show good cause under Rule 16 for failure to seek leave prior to the scheduling order deadline before the court will consider Rule 15. *Leary*, 349 F.3d at 909. Additionally, the court held that "a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Id*.

The Sixth Circuit has highlighted the requirement that district courts "determine the degree of prejudice to the adversary

4

before granting or denying an amendment." *Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986). Denying leave to amend a complaint requires "at least some significant showing of prejudice to the opponent." *Id.* In the past, the Sixth Circuit "has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citations omitted). Affirming the district court's denial of leave to file a second amended complaint in *Miller v. Administrative Office of Court*, 448 F.3d 887, 898 (6th Cir. 2006), the court stated that "[b]ecause the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted[.]"

Prejudice may also result from the substantive claims asserted by a proposed amendment. In *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002), the court vacated the district court's denial of leave to amend, reasoning that the defendant "does not have to substantially revise any present defense strategy because the plaintiffs' proposed second amendment does not add new substantive claims or overhaul plaintiffs' theory of the case[.]" The court noted that "another round of motion practice . . . does not rise to the level of prejudice that would warrant denial of leave to amend." *Id.* Similar reasoning is found in *Sony/ATV*, where the plaintiff was granted leave to amend less than three

5

months after filing the initial complaint: "There is no allegation of lack of notice . . . and no undue prejudice to [defendants] at this relatively early stage of the discovery process[.]" 2010 WL 3872802, at *3. In *Duggins*, however, the Sixth Circuit affirmed the district court's denial of leave to amend because otherwise allowing it "would create significant prejudice to the defendants in having to reopen discovery and prepare a defense for a claim quite different from the [original claim]." 195 F.3d at 834. Denial of plaintiff's motion to amend was also affirmed in *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452 (6th Cir. 2001). Noting the district court's finding that allowing amendments would prejudice the defendant, the Sixth Circuit pointed out that "significant discovery [had] been completed . . . [and] some if not all of the depositions already taken would have to be supplemented to address the multiple issues raised in the proposed amendments[.]" *Id*. at 459.

In this case the deadline for written discovery is August 31, 2012. Granting the motion would require extensions of all discovery deadlines with added written discovery. In the absence of any justification by the Plaintiff why he needs to add an additional 26 pages to his complaint and a summary of what the proposed amendment would change, and in view of the prejudice to the Defendants, the proposed amended complaint is **DENIED**.

6

In view of this ruling to deny the proposed amended complaint, the motion to strike (Docket Entry 69) is terminated as **MOOT**.

The Magistrate Judge notes that in his letter (Docket Entry 68) the Plaintiff requested the Clerk to send him a copy of the amended complaint, which he filed. The Clerk will only provide copies upon payment of the copying fee. The **Clerk** is directed to advise the Plaintiff of the cost of copying the new proposed amended complaint, and the **Clerk** shall send Plaintiff a copy upon payment of that amount.

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge